(January 21, 1893.)

AH KLE ET AL. *v.* A. C. McLEAN ET AL.

[32 Pac. 200.]

LEASING MINING GROUND TO ALIENS.—Prior to act of Congress of March 3, 1887, known as the "Alien act," there was nothing in the laws of the United States, nor of the territory of Idaho, prohibiting aliens from holding and working mining ground, under a lease from one qualified, and who had made a proper location of such mining ground.

(Syllabus by the court.)

APPEAL from District Court, Idaho County.

James W. Poe and James W. Reid, for Appellants.

This is an action brought by Ah Kle, Slam Hing, Ah Linn, Tong Ock, Mon Gue, Ah Toy, Sing Fook, Gue Hing and James Witt, the plaintiffs, against A. C. McLean, E. T. Barnett, Frank W. Rice and George Olde, the defendants, for the restitution of mining grounds and premises, and for $7,000 damages. The amended complaint, upon which the action was tried, was filed on April 21, 1890. On the same day the defendants filed a demurrer thereto. The cause was heard upon the demurrer which was sustained by the court. The plaintiffs declined to amend, and there was judgment dismissing the action with costs for the defendants, and the plaintiffs appealed. On July 18, 1882, the plaintiff, James Witt, entered into a written agreement with Ah Kle, Slam Hing, Ah Linn, Tong Ock, Mon Gue, Ah Toy, Sing Fook and Gue Hing, his coplaintiffs, all Chinamen, by which it was agreed that they were to go upon said mining claims and represent the same for said Witt. Said Chinamen went upon said claims in accordance with the terms of said written agreement, soon after its execution, and continued to occupy and work said mining grounds, and represent the same for said Witt until the fall of 1889, when the claims were jumped by white men, the defendants, who drove the Chinamen away, claiming that said Witt could not have his mining claims worked and represented for him by Chinamen. If this be true, then the only remaining question to be considered is, whether or not there is any United States law which prohibits said Witt from having his mining claims represented by Chinamen doing the necessary work thereon during each year, to hold them under the local laws and customs of said mining district and the laws of said Idaho territory. Witt's agreement with said Chinamen was recorded in the recorder's office of said Idaho county, and defendants were bound to take notice of the fact that he was the owner of said mining claims, and that said Chinamen were his tenants and agents, representing him in doing the necessary work from year to year to hold the same as by law provided. (*Glacier Min. Co. v. Willis,* 127 U. S. 471, 8 Sup. Ct. Rep. 1214; *Gwillim v. Donnellan,* 115 U. S. 45, 5 Sup. Ct. Rep.

1110; *Belk v. Meagher,* 104 U. S. 283; *O'Reilly v. Campbell,* 116 U. S. 422, 6 Sup. Ct. Rep. 421; *Jackson v. Roby,* 109 U. S. 440, 3 Sup. Ct. Rep. 301; *Forbes v. Gricey,* 94 U. S. 766; *Elmondroff v. Carmichael,* 3 Litt. 472, 14 Am. Dec. 97; *Courtney v. Turner,* 12 Nev. 345; *Burlingame Treaty,* 22 U. S. Stats. 827; *Ferguson v. Neville,* 61 Cal. 356; *Lee Doon v. Tesh,* 68 Cal. 43, 6 Pac. 97, 8 Pac. 621; *Tibbits v. Ah Tong,* 4 Mont. 536, 2 Pac. 765.)

Forney & Tillinghast, for Respondents.

No brief filed.

HUSTON, C. J.—In the year 1862, one A. Thornton and certain other persons, all being citizens of the United States, located certain placer mining claims in Elk City mining district, in the county of Idaho, in the then territory of Idaho. Said locators held and worked the claims so located, under the laws of the territory of Idaho and the rules and regulations of said mining district, until the year 1872. In the year 1872 said locators sold and transferred said mining claims, and the improvements thereon, consisting of flumes, ditches, etc., to one James Witt, a citizen of the United States, who continued to occupy, hold and work the same until the year 1882. In the year 1882 said James Witt executed to the plaintiffs, Ah Kle et al., who are all aliens (Chinamen) the following indenture of lease:

"This agreement, made on the eighth day of July, in the year of our Lord, one thousand eight hundred and eighty-two, between James Witt, of Idaho county, Idaho territory, the party of the first part, and Ah Kle, Slam Hing, Ah Linn, Tong Ock, Mon Gue, Ah Toy, Sing Fook, and Gue Hing, all of Idaho county, Idaho territory, the parties of the second part, witnesseth: That the said party of the first part, in consideration of the covenants, promises and agreements on the part of the said parties of the second part hereinafter contained, covenants, promises and agrees to and with the said parties of the second part that the said party of the first part will permit the said parties of the second part to go upon and take the gold and

other precious metals from all of his mining ground on or near Buffalo hill, near Elk City, Idaho county, I. T., comprising sixteen hill claims on Buffalo hill of one hundred feet each, sixteen hundred feet; also six flat or gulch claims at the base of said hill, of one hundred and fifty feet each, nine hundred feet—all of which are marked and bounded by notices and stakes; also all tunnels and flumes, races, tools, hose and pipes now upon said claims belonging thereto; also all the water and ditches conveying the water from Elk creek and Buffalo creek and their tributaries upon said ground; also the dwelling-house and all property belonging to said mining claims; and work and take said precious metals therefrom, and use said property as they may deem advantageous for the purpose of getting gold from said ground, and to construct for me any new tunnels, races, ditches, etc., that they may deem necessary for a period of twenty-five years. And the said parties of the second part, in consideration of the said covenants, promises and agreements on the part of the said party of the first part hereinbefore contained, covenant, promise and agree to and with the said party of the first part that the said parties of the second part will take charge of the aforesaid property and hold the same for the said party of the first part for the period of twenty-five years, reasonable wear and tear and working of said ground excepted, and further agree to pay to said party of the first part, his heirs, executors or administrators, the sum of $1,800 in good, merchantable gold dust from said mining claim, at the rate of sixteen dollars per ounce, said gold dust to be paid on or before one year after date; and we further agree and covenant with the said party of the first part to represent said mining ground according to the local laws and customs of the mining camp, or any other laws to be hereinafter enacted, for the period of said lease or occupancy (twenty-five years); and further agree to keep the ditches in good repair during the whole of said time. And for the true and faithful performance of all and every of the said covenants, promises and agreements the said parties to these presents bind themselves each unto the other in the penal sum of $100, lawful money of the United States of America, as fixed, settled and liquidated

damages, to be paid by the failing party. In witness whereof the said parties to these presents have hereunto set their hands and seals the day and year above written.

"JAMES WITT.     [Seal]
"AH KLE.          [Seal]
"SLAM HING.       [Seal]
"AH LINN.         [Seal]
"TONG OCK.        [Seal]
"MON GUE.         [Seal]
"AH TOY.          [Seal]
"SING FOOK.       [Seal]
"GUE HING.        [Seal]

"Signed, sealed, and delivered in presence of
                "BENJAMIN F. MORRIS.
                "T. WALL.
                "GILES MATHEN.

"Territory of Idaho,  }  ss.
"County of Idaho.     }

"On this eighth day of July, in the year of our Lord, A. D. 1882, personally appeared before me, the undersigned clerk of the district court, first judicial district, Idaho territory, James Witt, and Ah Kle, Slam Hing, Ah Linn, Tong Ock, Mon Gue, Ah Toy, Sing Fook, Gue Hing, all of whom, after first being made acquainted with the contents of the foregoing instrument, acknowledged to me that they executed the same freely and voluntarily for the uses and purposes therein mentioned. In witness whereof I have hereunto set my hand, and affixed the seal of said court, this the day and year in this certificate above written.

                "HAZEN SQUIER,
"Clerk District Court, First Judicial District, Idaho Territory.
                "By BENJAMIN F. MORRIS,
                            "Deputy Clerk.

"Filed for record this twenty-first day of July, A. D. 1882, at 6 o'clock P. M.

                "J. B. CHAMBERLAIN,
        "County Recorder Idaho County, Idaho Territory."

Plaintiffs, Ah Kle et al., entered under said lease, and continued to occupy and mine and work said ground thereunder until on or about the eighteenth day of October, 1889, when the defendants by force and violence entered upon said premises, and ousted and ejected plaintiffs therefrom.   Plaintiffs bring this action to recover possession of the premises, and for damages for ouster.   To complaint of plaintiffs, which sets forth the facts as hereinbefore stated, defendants interpose a demurrer upon the following grounds: 1. A misjoinder of parties plaintiff; 2. Incapacity to sue, of all the plaintiffs named, except Witt, because of the failure to allege citizenship in complaint; 3. That said complaint does not state facts sufficient to constitute a cause of action.   Upon argument of demurrer the court held: "The demurrer is sustained upon the second ground, and as to all the parties plaintiff whose citizenship is not averred the action is dismissed"—the court reserving, however, the question of water rights, and the right of a person not a citizen to purchase, locate or hold the same.   This ruling and decision was made April 21, 1890.   On October 9, 1890, the court made the following additional finding and decision: "Considering the question above named, for the reasons given in No. 19 the demurrer is sustained as to the holding or appropriating of water rights as set forth in the complaint."   On September 19, 1891, judgment was entered dismissing the complaint of plaintiffs with costs.   From the judgment so entered this appeal is taken.

The demurrer of defendants not having been sustained as to the plaintiff Witt, it is not readily discernible upon what the court predicated its judgment against him.   Perhaps this is explainable from the fact, which appears by the record, that another case (referred to by the court in its decision on the demurrer herein as No. 19) was heard, together with the case under consideration, by the district court.   But there is this difference between the facts in case No. 19 and the case under consideration: In case No. 19 all the plaintiffs were aliens (Chinamen), and there had been an absolute sale by the owners of the mining claims to said aliens (Chinamen), which sale was made in August, 1887, and after the passage of the act of Congress (March 3, 1887), known as the "Alien Act."   Thus it will be seen that there is no similitude between the two cases—a fact

evidently overlooked by the district court. The Chinamen plaintiffs were the tenants of Witt at the time of the alleged ouster by defendants. Their possession was his possession. An ouster of the tenants by one claiming adverse to the landlord is an ouster of the landlord, and this action might have been very properly brought by Witt alone. There was nothing in the laws either of the United States or of Idaho, prior to the act of Congress of March 3, 1887, at least, which prohibited the renting or leasing, by one holding under a valid location, of mining ground to an alien. "A mining claim perfected under the law is 'property' in the highest sense of that term, which may be bought, sold and conveyed, and will pass by descent." (*Belk v. Meagher,* 104 U. S. 283; *Forbes v. Gracey,* 94 U. S. 762.) The cases cited by the judge of the district court, in his decision in case No. 19 have no application to the case under consideration, as they all arose upon an entirely different state of facts. The judgment of the district court is reversed, and the cause remanded, with instruction to the district court to overrule the demurrer and permit defendants to answer.

Morgan and Sullivan, JJ., concur.